UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TODD BERNARD,

                                       Plaintiffs,    **COMPLAINT AND**
                                                         **JURY DEMAND**
        -against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES    DOCKET #
R. BORRUSO SHIELD NO. 4906, JOHN DOE POLICE
OFFICERS ##1-6,

                                         Defendants.

                                                            ECF CASE
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a February 16, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution, deprivation of plaintiff's personal property, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Bernard Todd is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Police Officer James Borruso at all times here relevant was an employee of the NYPD assigned to the Bronx Narcotics Bureau and is sued in his individual and official capacities.

10. John Doe Police Officers, at all times here relevant, were employees of the NYPD, and is sued in his individual and official capacities.

11. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On February 16, 2012, at approximately 4:30 P.M., Plaintiff was with acquaintances outside of 2007 Surf Avenue, Brooklyn, NY when he was approached by police officers and stopped without reasonable suspicion.

13. The police officers told him that there was a robbery in the area, and he was placed under arrest without probable cause that he committed the robbery the officers were allegedly

investigating or any other offense.

14. Plaintiff was deprived of his personal property.

15. Plaintiff was taken to the precinct and was ultimately charged with Obstruction of Governmental Administration and Disorderly Conduct. Plaintiff committed neither of these offenses nor any offense.

16. He spent more than 24 hours in custody. Some four months after his arrest, the charges against him were finally dismissed.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the United States Constitution to be free from an unreasonable search of plaintiff's person.

    b. Violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

    c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of their New York State Constitutional rights under Article 1, Section

12 to be free from an unreasonable search and seizure;

e. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g. deprivation of property; and

h. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally searched the plaintiff, and falsely arrested and maliciously prosecuted him. Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

23. The above paragraphs are here incorporated by reference.

24. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

25. There was no reasonable expectation of successfully prosecuting plaintiffs.

4

26. Plaintiffs were aware of their confinement and did not consent.

27. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

28. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

29. All preceding paragraphs are here incorporated by reference.

30. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

31. The criminal proceedings were terminated favorably to defendant.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

33. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### FOURTH CAUSE OF ACTION
(CONSPIRACY)

34. The above paragraphs are here incorporated by reference.

35. Defendant officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiffs.

36. Defendant Officers took action in furtherance of this agreement by charging plaintiffs with resisting arrest.

37. Plaintiffs were injured as a result of defendants' conspiracy.

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

38. The preceding paragraphs are here incorporated by reference.

39. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

40. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         May 8, 2013

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY  10007

     Police Officer James Borusso

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
lglickman@stollglickman.com